IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANTWONE WASHINGTON, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SMS MANAGEMENT, DEN-TEX, ) <br> ) <br> ) <br> Defendant. ) | Case No. 11-00837-CV-W-DGK |

## **ORDER GRANTING DISMISSAL**

This lawsuit arises from Plaintiff Antwone Washington's allegations that he suffered work-related discrimination while employed by Defendant Den-Tex Central, Inc. d/b/a Denny's ("Den-Tex"). Plaintiff asserts claims pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 and seeks an injunction along with punitive and compensatory damages. Pending before the Court is Defendant Den-Tex's "Motion to Dismiss" (Doc. 7), Plaintiff's "Response" (Doc. 9), and Defendant's "Reply" (Doc. 11). Because the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, Defendant's motion is granted.

**Background**

On June 23, 2011, Washington filed a pro se action against Defendants Den-Tex and SMS Management[1] alleging that while employed as a host at Denny's, he suffered "work related discrimination" in violation of his Equal Protection rights under the Fourteenth Amendment. Specifically, Plaintiff alleged that cooks at the restaurant were treated better than hosts and

---

[1] Plaintiff's state court complaint listed as a Defendant SMS Management and Denny's. Plaintiff provided the same address for both; the address is that of the Denny's restaurant owned by Den-Tex Central, Inc. d/b/a Denny's. Defendant Den-Tex, in its "Motion to Dismiss" notes that there is no entity known as SMS Management located at the address given by Plaintiff.

1

servers, that he was threatened with termination, that he was denied lunch breaks, and that his supervisor failed to follow Denny's policy in reporting an incident between Plaintiff and another employee. In his complaint, Plaintiff noted that Den-Tex "refused to protect [him] from discrimination, threats, [and] intimidation within the workplace, all in violation of [his] Fourteenth Amendment [rights]" (Doc. 1, Exhibit A). Defendant removed the action to this Court on August 24, 2011 (Doc. 1).

## Standard

A complaint must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, the court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg, Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Section 1983 of Title 42 of the United States Code creates a cause of action for civil rights violations. *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir. 2004). To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or the laws of the United States; (2) committed by a person acting under color or state law. 42 U.S.C. § 1983; *Roe v. Humke,* 128 F.3d 1213, 1215 (8th Cir. 1997). A private violation of constitutional rights or federal law is not sufficient to state a claim under section 1983 unless the private party acts under color of state law. *Crumpley-Patterson*, 388 F.3d at 590; *see also Griffin v. Walgreen Co.*, No. 4:09 CV 1724 DDN, 2010 WL 4975532, at *8 (E.D. Mo. 2010), citing *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (noting

that private parties are ordinarily not subject to Section 1983 liability). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 48 (1988), citing *United States v. Classic,* 313 U.S. 299, 326 (1941). "In a section 1983 action against a private party, a plaintiff will be entitled to relief if he can prove that the private party was 'a willful participant in joint activity with the State or its agents' which activity deprived the plaintiff of a constitutional right." *Murray v. Wal–Mart, Inc.,* 874 F.2d 555, 558–59 (8th Cir. 1989), citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970). The Fourteenth Amendment similarly protects individuals from deprivation by state actors, providing that "[n]o State shall . . . deprive any person of . . . property without due process of law." U.S. Const. Amend. XIV, § 1.

## Discussion

**A. Plaintiff has failed to allege that Den-Tex was a state actor or was acting under color or state law.**

In order to pursue a section 1983 claim or a claim under the Fourteenth Amendment, a plaintiff must allege that the defendant is acting under color of state law. Here, Plaintiff fails to allege that Den-Tex, a private employer, was a state actor, and there is no evidence to the contrary. In addition, Plaintiff does not allege and there is no evidence that Den-Tex was working in conjunction with a governmental entity. *See Murray*, 874 F.2d at 558–5, citing *Adickes*, 398 U.S. at 150 (finding that section 1983 claims can succeed only against governmental entities or against private actors that work in "joint activity" with a state actor). Therefore, Plaintiff fails to state a prima facie case under section 1983 or the Fourteenth Amendment. *Troutt v. Peoples Nat. Bank*, No. 4:05-CV-676 CAS, 2005 WL 1668258, at *1

(E.D. Mo. 2005) (granting motion to dismiss where plaintiff failed to allege any state action by a private employer in a Section 1983 suit).

In addition, Plaintiff's other generalized claims, including that he was treated differently than employees with other job titles, that he was denied lunch breaks, and that his supervisor failed to follow company policies, are insufficient to state claims even under the liberal 12(b)(6) pleading requirements. Accordingly, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, and his case must be dismissed.

## Conclusion

For the foregoing reasons, the Court finds that Plaintiff has failed to allege facts necessary to state a claim for relief. Accordingly, Defendant's "Motion to Dismiss" (Doc. 7) is GRANTED and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: December 6, 2011                               /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT